UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| REDEEMED CHRISTIAN CHURCH OF ) <br> GOD STRONG TOWER PARISH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AUTO-OWNERS INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Civil Action No.: <br> 0:17-cv-01379-WMW-FLN |

### AMENDED COMPLANT AND DEMAND FOR JURY TRIAL

Plaintiff, Redeemed Christian Church of God Strong Tower Parish ("Plaintiff"), by its attorneys, Merlin Law Group, for its Amended Complaint against Defendant, Auto-Owners Insurance Company ("Defendant" or "Auto-Owners"), states as follows:

### FACTS

1. Plaintiff is a citizen of Minnesota. It is a non-profit Minnesota corporation with its principal place of business in Minneapolis, Minnesota   It also is the owner of the commercial property located at 697 13th Avenue NE, Minneapolis, Minnesota ("the insured premises").

2. Auto-Owners Insurance Company is citizen of Michigan. It is a Michigan corporation with its principal place of business located in Lansing, Michigan.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1441(a) because it is the venue in which the cause of action accrued and where the insured property in question is located.

5.  Auto-Owners issued an insurance policy to the Plaintiff effective from September 25, 2014 to September 25, 2015, Policy No. 134606-08857363-14 ("the Policy"), a copy of which is attached as Exhibit A.

6.  Under the Policy, Auto-Owners insured against risks of direct physical loss of or damage to the insured premises unless limited or excluded.

7.  On or about May 3, 2015, while the Policy was in full force and effect, Plaintiff sustained direct physical loss to the insured premises in the form of hail and wind ("the loss").

8.  Losses caused by wind and hail are not excluded under the terms and conditions of the Policy and, as such, are covered risks of loss under the Policy.

9.  Plaintiff notified Auto-Owners of the loss and made a claim for insurance benefits under the Policy.

### Count I
### (Breach of Contract)

10.  Plaintiff re-alleges paragraphs 1 through 9 of the Facts of the Amended Complaint as paragraph 10 of Count I of the Amended Complaint.

11.  Plaintiff substantially performed all conditions required by the insurance policy to be performed by it, including, but not limited to, giving notice of the loss to Auto Owners, exhibiting the insured premises to Auto Owners, and otherwise cooperating with Auto Owners' investigation of the loss and claim.

12.  As a result, it is Auto Owners' duty to pay Plaintiff the entire amounts due under the Policy for the losses and damages caused by the covered hail and wind event.

13.  Notwithstanding its contractual obligation, Auto Owners has failed to pay for all of the losses and damages sustained to the insured premises caused by the covered hail and wind event, thus breaching the insurance contract.

14. This breach of the insurance contract was and is the direct and proximate cause of damages to Plaintiff in an amount in excess of $75,000.

## COUNT II
### (Taxable Costs and Attorney Fees for Lack of Good Faith Pursuant to Minn. Stat. § 604.18)

15. Plaintiff incorporates paragraphs 1 through 14 of the its Amended Complaint as if fully set forth herein as paragraph 15 of Count II of the Amended Complaint.

16. In breaching its contract and failing to honor its contractual obligations to Plaintiff by wrongfully denying the claim and refusing to indemnify Plaintiff for the damage caused to the Property, Auto-Owners lacked a reasonable basis for denying the payment of benefits owed under the Policy.

17. Auto-Owners knew of the lack of reasonable basis for denying Plaintiff the benefits owed under the Policy or acted in reckless disregard of the lack of reasonable basis for denying the payments of the benefits of the Policy to the Plaintiff.

18. Auto-Owners' actions constitute a violation or violation(s) of Minn. Stat. § 604.18, subds. 3 & 4.

WHEREFORE, Plaintiff, Redeemed Christian Church of God Strong Tower Parish, requests judgment of this Court awarding it the following relief:

1. Damages in an amount exceeding $75,000, plus prejudgment interest and costs for Auto-Owner's breach of its insurance contract;

2. Awarding Plaintiff its costs, disbursements, attorney fees pursuant to Minn. Stat. §604.18, and any other such relief as the Court deems just and equitable.

                                        **MERLIN LAW GROUP**

Dated: __May 9_____, 2018    By: __s/Christina M. Phillips_____
                                                       Christina M. Phillips (MN License No. 0352378)
                                                       181 West Madison Street, Suite 3475
                                                       Chicago, Illinois 60602
                                                       (312) 260-0806
                                                        cphillips@merlinlawgroup.com

                                                        **ATTORNEY FOR PLAINTIFF**